UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL J. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-01269-JPH-CSW |
| | ) | |
| SUPERINTENDENT of RDC,<br>PILAN Officer,<br>SERGEANT BREWER Sgt, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT, DIRECTING SERVICE OF PROCESS, AND DIRECTING PLAINTIFF TO SIGN COMPLAINT**

This action was transferred to this Court from the Northern District of Indiana. Dkt. 3. Plaintiff Michael J. Brown is a prisoner currently incarcerated at Westville Correctional Facility. He filed this civil action alleging the denial of medical treatment. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Brown's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names three defendants: Superintendent of RDC, Sgt. Brewer, and Officer Pilan. Mr. Brown seeks compensatory damages. Dkt. 1.

While housed at the Reception Diagnostic Center on September 3, 2024, Mr. Brown, 59, was assaulted and injured by a twenty-something year old "mental health" offender. Mr. Brown yelled for help and Officer Pilan came and ordered the other offender to stop assaulting Brown. Brown complained of injuries to his head, neck, and mouth, but Officer Pilan failed to provide or obtain any medical treatment.

Sgt. Brewer, the floor duty supervisor, arrived on scene and inquired about the incident but did no further investigation and did not ask whether Brown needed any medical attention.

Two days later, Mr. Brown was transferred to Westville. At Westville, he received treatment by a dentist to prevent losing several teeth because of the assault. Mr. Brown continues to experience severe headaches from his injuries.

## III. Discussion of Claims

Liberally construing the complaint, Eighth Amendment claims of deliberate indifference to a serious medical need **shall proceed against defendants Officer Pilan and Sgt. Brewer.**

However, because Mr. Brown has not made any allegations against the Superintendent of RDC, all claims against the Superintendent are **dismissed for failure to state a claim**.

This summary of claims includes all the viable claims identified by the Court. Any other claims are dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through November 6, 2026,** in which to file a motion to reconsider the screening order.

## IV. Conclusion and Service of Process

The following claims are proceeding in this action: Eighth Amendment deliberate indifference claims against Officer Pilan and Sgt Brewer. All other claims have been dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Officer Pilan and Sgt. Brewer in the manner specified by Rule 4(d). Process shall consist of the complaint filed on June 11, 2026, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

The **clerk is directed** to terminate **Superintendent of RDC** as a defendant on the docket.

"Every pleading, written motion, and other paper must be signed by ... a party personally if the party is unrepresented. ... The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention" Fed. R. Civ. P. 11. The complaint filed on June 11, 2026, is not signed. Mr. Brown shall have **through November 6, 2026,** in which to **sign his complaint. The clerk is directed** to send a copy of the unsigned complaint to Mr. Brown for him to sign and refile.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/9/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL J. BROWN
105341
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
Officer Pilan
Sgt. Brewer
(Both at the Reception Diagnostic Center)